### R. F. RICHARDSON v. F. POWELL.

#### No. 3296.

1. **False Description.**—Suit for land described in petition only by field notes. Patent for land with identical field notes issued June 13, 1879, to B. F. Richardson. The plaintiff offered deeds, forming parts of his chain of title, describing the land by the same field notes as are in the petition and in the patent, and giving the date of patent, but misreciting the patentee, naming "B. R. Richardson" instead of "B. F. Richardson." *Held*, the deeds were properly admitted and the misdescription was harmless; otherwise a deed from R. F. Richardson.

2. **General Warranty as an Estoppel.**—The plaintiff introduced as a link in his title a deed with general covenant of warranty from the defendant for the land described in the petition. *Held*, that the warranty operated as an estoppel and dispensed with the necessity of plaintiff proving title in the defendant at the time he executed such warranty.

3. **Calls in Survey—Natural Boundaries.**—One line of the survey in controversy is described as running "with the edge of the main high land and edge of marsh." Courses and distances were also given. It was shown that the surveyor did not make an actual survey, but intended to include the land as bounded by the edge of the high land and marsh. *Held*, it being in evidence that the calls for course and distance did not concur with that for edge of the high land and marsh, the court should have instructed the jury to disregard the call for course and distance even without the testimony that the line was not actually run by the surveyor, the edge of the high land and marsh being a well known natural landmark.

4. **Suit to Establish Boundary Lines—Pleading.**—In suit to establish boundary lines the petition should describe the boundaries as claimed by unambiguous calls. In this case the judgment of recovery upon the calls in the patent repeated in the petition would have settled nothing.

APPEAL from Orange. Tried below before Hon. W. H. FORD.

The opinion states the case.

*John T. Hart* and *O. R. Sholars*, for appellant, cited Mims v. Mitchell, 1 Texas, 443; Coles v. Kelsey, 2 Texas, 541; Guess v. Lubbock, 5 Texas, 535; Wood v. Jones, 35 Texas, 64; Loonie v. Frank, 51 Texas, 406; Express Co. v. Darnell, 62 Texas, 639; Hubert v. Bartlett, 9 Texas, 97; Booth v. Upshur, 26 Texas, 64; Robertson v. Mosson, 26 Texas, 248; Stafford v. King, 30 Texas, 257; Jones v. Leath, 32 Texas, 329; Bunton v. Cardwell, 53 Texas, 408; Phillips v. Ayres, 45 Texas, 606; Rev. Stats., art 1298.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought in the statutory form of an action of trespass to try title, by appellee against appellant, but seems to have involved mainly the question of boundary lines between the Richardson survey, which appellee claims, and the Jett, of which appellant claims a part only. The appellant, the defendant below, disclaimed as to all of the land sued for by plaintiff except so much thereof as should be found in conflict with the Jett survey.

The land is described in the petition by its field notes, but the name of the survey is not given. In support of his title, the plaintiff introduced in evidence a patent from the State of Texas to B. F. Richardson to the land described in his petition; a deed from R. F. Richardson and wife to Harrington to a tract of land described by the same field notes as those found in the petition and patent, which, however, did not give the name of the patentee; a deed from Harrington and wife to M. E. Meniam to the same land, reciting that it was the land granted to B. F. Richardson; a deed from Meniam and wife to Jacob Young and Isaac Young to the same land, also reciting that it was

"patented to B. R. Richardson on the 13th day of June, 1879;" and lastly, a deed from Jacob Young and Isaac Young to himself, which also described the land by the same field notes which were employed for the purpose in the former deeds, and recited further, that it was the land patented to "B. R. Richardson on the 13th day of June, 1879."

The defendant objected severally to the admission in evidence of the patent and of all the deeds described above, except that from himself and wife to Harrington; and took a bill of exception to the ruling of the court in admitting each of these conveyances. The objection to the patent was, that the plaintiff sued for a tract of land granted to defendant R. F. Richardson as a homestead, and that the patent shows a grant to B. F. Richardson.

It is sufficient to say in reference to this objection, that the petition does not describe the land sued for as land granted to R. F. Richardson. This also disposes of the objection to the deed from Harrington and wife to Meniam, because it describes the land precisely in accordance with the patent. The other two deeds, which describe the land as "patented to B. R. Richardson on the 13th day of June, 1879," present a different but not a difficult question. They give the true date of the patent, and the sole discrepancy is in the middle initial of the name of the patentee. The field notes contained in these deeds, however, show beyond controversy that the land therein conveyed is the same land which is described both in the petition and in the patent. The rule, falsa demonstratio non nocet, applies. If it were necessary in this case for the plaintiff to deraign his title from the State, it may be gravely doubted whether the evidence adduced by him is sufficient for that purpose. He exhibits a patent to B. F. Richardson and claims through a deed from R. F. Richardson, the defendant. He proved by the defendant, that the patent introduced in evidence was issued to him "for the land sued for by the plaintiff;" that he pre-empted the land, lived on it three years, and made all necessary affidavits to sustain the patent. Whether this was sufficient without some further proof, such as that he was known both as B. F. Richardson and as R. F. Richardson, we need not determine.

. The plaintiff claims the land through a deed with a general covenant of warranty executed by the defendant himself, and the latter is estopped to deny the title so conveyed. Hence it is unimportant whether the evidence introduced by the plaintiff was sufficient to show title in the defendant at the time of this conveyance or not.

But in order to sustain the judgment he has recovered, the plaintiff has to meet a graver question. The calls in the field notes of all the deeds introduced by him in evidence are as follows: "Beginning * * * at southwest corner of the D. Burrell and the southeast corner of Stephen Jetts' league; * * * thence up the bank of

Adams' Bayou with its meanders north 68 degrees west 3 varas; north 64 degrees west 600 varas to a stake in the marsh on the bank of said bayou at the lower edge of the main high land; thence with the edge of the main high land and edge of marsh north 77 degrees west 204 varas south 34 degrees west 673 varas to a stake for corner; thence east through marsh 945 varas to the place of beginning." The testimony of a surveyor shows, that if the two first lines called for running from the second corner on the bayou be run by course and distance they will not correspond with the call which describes such lines as running "with the edge of the main high land and edge of marsh," but will run across the high land and will embrace a part of that territory. Whether these lines should be run by course and distance or along the edge of the marsh and high land is the question which it would seem was sought to be solved by this suit. The witness who testified as to the discrepancy between the calls for the edge of the marsh and the high land and the calls for the course and distance was not the surveyor who made the original survey, and was not present when that survey was made. The defendant, on the other hand, testified to the effect that he was present, and that the surveyor did not actually run the lines called for, but made the calls for course and distance without an actual survey as to these lines, intending to embrace only the land included within the marsh. It is apparent that there is a mistake either in the call for the edge of the marsh or those for the courses and distances in the two lines. It is a latent ambiguity which parol evidence is admissible to explain. There was no evidence tending to show that the mistake was in the call for the edge of the marsh and high land; and without the aid of the testimony of the defendant as to the meaning of the calls, that for the edge of the marsh and high land as natural objects should prevail over the calls for course and distance. As has been ruled by this court, it would have been proper to instruct the jury to that effect, and a verdict contrary to the instruction under the evidence before us should have been set aside.

If, as the testimony indicates, this was a suit to establish the boundary lines of the plaintiff's land, we think the petition should have described the boundaries so claimed by unambiguous calls. But the field notes of the petition call both for the courses and distances and the edge of the marsh and high land, as they are called for in the patent and deeds under which the plaintiff claims, and there is no averment that either the one or the other is the correct call. If the judgment had followed the description in the petition, it is evident that it would not have settled the question of boundary, for the reason that the description in the judgment, when applied to the land, would have disclosed the same ambiguity which exists in the several conveyances through which the plaintiff deraigns his title. But it would seem from the judgment as entered that the court intended to establish the lines by course and dis-

tance and to disregard the call for the natural objects. In the field notes in the judgment the call for the edge of the marsh and high land is omitted. The call for the fourth line, "south 34 degrees west 673 varas," · is also omitted. But there is nothing in the evidence to justify such a departure from the description, and we think it apparent, therefore, that the omission of that call was inadvertent. If the description in the judgment be literally followed, plaintiff's recovery would not embrace one-fourth of the land to which he showed a clear title. If the necessary call be supplied, then he gets more than the natural objects called for in his deed would justify. As we have seen, the testimony did not warrant the court in disregarding these calls and establishing the survey by course and distance, and hence the judgment should be reversed.

If the defendant had shown title in himself or an outstanding title to the Jett, and that it was the older survey, then, in case of a conflict, its calls should have prevailed over the calls of the Richardson patent. But it is not shown that either title or patent had ever issued to the Jett league; and for that reason we are not called upon to determine any question of conflict between the two surveys. Looking alone to calls in the Richardson patent, we hold, that in the light of the testimony before us it must be restricted to the call for the edge of the marsh and high land.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 4, 1892.