

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS



GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Saftey
Camp Mabry
Austin, Texas

Dear Sir:                    Attention: Mr. Ralph L. Buell

Opinion No. O-2073
Re:  Notation on Certificate of
Title of lien to secure
"future debts", under H.B.
407, Acts of the 46th Legis-
lature.

This is in reply to your letter dated March 11, 1940, in which you ask the following question:

"Under the provisions of House Bill 407, the Certificate of Title Act, shall the Department of Public Safety issue a certificate of title against an automobile, the application for which cites under the heading of liens a specific sum of money, together with the further notation "and future debts'?"

We assume that there is no doubt in your mind that it is proper to issue a certificate of title when the application lists a lien for a specific sum of money only, but that you are concerned with whether or not it is proper for a lien to be listed which is for a specific sum of money and also for "future debts".

The parts of House Bill 407, Acts of the Forty-sixth Legislature, (Article 1436-1 of Vernon's Annotated Penal Code of Texas) known as the "Certificate of Title Act", with which we are concerned in answering your question are as follows:

"Section 1. This Act shall be referred to, cited, and known as the 'Certificate of Title Act', and in the enactment hereof it is hereby declared to be the legislative intent and public policy of this State to lessen and prevent the theft of motor vehicles, and the importation into this State of and traffic in stolen motor

vehicles, and the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle or the tires, radios, parts, or appliances thereof stands assecurity, and the provisions hereof, singularly and collectively, are to be liberally construed to that end. The following terms as herein defined shall control in the enforcement and construction of this Act."

"Sec. 3. The term 'Lien' means every kind of lease, conditional sales contract, deed of trust, chattel mortgage, trust receipt, reservation of title, or other written instrument of whatsoever kind or character whereby an interest, other than absolute title, is sought to be held or given in a motor vehicle, also any lien created or given by Constitution or Statute."

Section 24, par. (g). "The names and addresses and dates of any liens on the motor vehicle, in chronological order of recordation."

Section 43. "All liens on motor vehicles shall take priority according to the order of time the same are recorded on the receipt or certificate of title of all such recordings to be made by the Department."

Section 44, "No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties, unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle, as provided in this Act."

Section 46. "Only liens noted on a receipt or certificate of title be valid as against creditors of the mortgagor in so far as concerns the motor vehicle."

If a valid lien can be created to cover "future debts" we think it is proper to issue a certificate of title listing a lien for a specific sum of money and also for "future debts". The appellate court cases in Texas are clear on this question. In the case of Freiberg v. Magale, 70 Tex. 116, 7 S.W. 634, the Supreme Court of Texas said:

"But the appellee claims that the mortgage does not secure the debts for which the trustee sold the property; that the mortgage could not secure future debts, and, if it could, the future debts contemplated by the mortgage were to be of the same kind provided for in terms by the mortgage. A mortgage can be made to cover future debts, and such a mortgage will be good not only between the parties, but as to purchasers from the mortgagor with notice of the mortgage. A mortgage providing for the security of future debts puts persons dealing with the mortgagor in reference to the mortgaged property upon notice that such debts may exist and bind the property. They must inquire as to this fact, or purchase at their peril. 1 Jones, Mortg. ¶ ¶ 364, 370-372; Lovelace v. Webb, 62 Ala. 271; Witczinski v. Everman, 51 Miss. 846. . . ."

In the case of H. W. Williams & Co. v. Bell, (Tex. Civ. App.) 8 S.W. (2d) 743, the court said:

". . . It is well settled that a valid mortgage can be given to secure the future advances, and that the same will be effective, not only against the mortgagor, but as against subsequent purchasers and lienholders with notice thereof. Freiberg v. Magale, 70 Tex. 116, 7 S.W. 684; Bullard v. Stewart, 46 Tex. Civ. App. 49, 102 S.W. 174; Gross v. Chittim (Tex. Civ. App.) 100 S.W. 1006. It is also the rule that, in order to cover such future advances, it is not necessary that the mortgage show the amount of such indebtedness, or to definitely fix the time within which the same shall accrue. . . . ."

In the case of Poole v. Cage, (Tex. Civ. App.) 214 S.W. 500, the court said:

". . . It has long been a well-established rule of decision in this state that a recorded mortgage, which recites that it is given to secure future indebtedness that in contemplation of the parties may be incurred by the mortgagor to the mortgagee is a valid mortgage, not only between the parties to the contract, but as to subsequent purchasers from the mortgagor. Any subsequent purchaser from a mortgagor must take notice of such contract or agreement as to future indebtedness, and any advances made or indebtedness incurred in pur-

suance to such contract, whether before or after
the subsequent sale or incumbrance, are protected
by a prior and superior lien upon the property.
. . . . . .

Some other authorities that make the same or similar
statements of the law are Brunson v. Dawson State Bank, (Tex.
Civ. App.) 175 S.W. 438; Askey v. Stroud, (Tex. Civ. App.)
240 S.W. 339; Massachusetts Mutual Life Ins. Co. v. Stockyards
National Bank, (Tex. Civ. App.) 50 S.W. (2d) 425; Cason, Monk
& Co. v. Baker, (Tex. Civ. App.) 62 S.W. (2d) 592; 9 Tex. Jur.
135, par 47; and 14 Cor. Juris, Sec. 722.

We have heretofore held in our Opinion No. 0-1539 that
the certificate of title act supersedes and repeals the general
recording statute as to motor vehicles, and that it is unneces-
sary for a lien on an automobile to be recorded in the office of
the County Clerk; and the "Certificate of Title Act" says in
sections 44 and 46 that only liens on a receipt or a certificate
of title shall be valid as against third parties or as against
creditors of the mortgagor. As the courts of this State hold
that a lien for "future debts" is valid, it certainly follows
that the mortgagee, in order to put subsequent purchasers of the
property on notice, has a right to have that lien noted on the
certificate of title.

Our answer to your question is that the Department of
Public Safety should issue a certificate of title showing a
lien for a specific sum of money and for "future debts" if the
application states that the lien is for a specific sum of money
and for "future debts".

The foregoing represents the considered opinion of this
department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:GO:wc

APPROVED APR 1, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman