Anna WILHITE et vir, Appellants,

v.

Louis DAVIS, Jr., et al., Appellees.

No. 15167.

Court of Civil Appeals of Texas.

Dallas.

Jan. 11, 1957.

Rehearing Denied Feb. 15, 1957.

Sidney E. Dawson, Dallas, for appellants.

Ross Huffmaster, Kaufman, and Thomas H. Crofts, Terrell, for appellees.

CRAMER, Justice.

This is a duly perfected appeal from a judgment in a trespass to try title proceeding involving 17.3 acres of land more or less, in the Ransom Sowell Survey in Kaufman County. The field notes are set out, followed by the statement in substance that it is the same land described in a deed dated November 1, 1910 from Jesse Hunter to Louis Davis, and of record in Vol. 134, p. 472 Deed Records of Kaufman County, Texas; also being the same land that Louis Davis and wife Vici Davis conveyed to their son John Davis on or about April 10, 1913, which deed was lost or misplaced; and the said Louis Davis and wife Vici Davis, upon consideration for the sum of one dollar, executed their son John Davis another deed to take the place of the first one which was lost, on the 10th day of April, A.D.1918, and recorded in Vol. 170, p. 139, Deed Records of Kaufman County, Texas, and recited the contents of the lost and misplaced deed which is not of record. Further alleged their possession and appellees' unlawful entry upon and their dispossession of appellants and their withholding of possession from appellants. Alleged the reasonable rental value of the land for 1953 and 1954 and of oil lease rental for the years 1951 and 1952, which, after demand, has not been paid; further pled in the alternative, title under the three, five, ten and twenty-five year statutes of limitation, Vernon's Ann. Civ.St. arts. 5507, 5509, 5510, 5519.

Appellees answered by special exceptions, general denial, specially denied the conveyance to John Davis on April 10, 1918, as recorded in Vol. 170, p. 139, Deed Records of Kaufman County, denied that appellants were ever in possession, and specially denied they were in possession October 1, 1953 or at any other time alleged; also denied appellees ever entered into or dispossessed them of such premises or any other premises. Pled that if they ever made a deed to John Davis on April 10, 1918, such deed is void; that it was insufficient to convey any lands to John Davis; that if the deed was signed, he, Davis, did not have mental capacity to sign it; by general denial, not guilty, two-year statute of limitation, Vernon's Ann.Civ.St. art. 5526, stale demand, and the 25-year statute of limitation.

By supplemental petition appellants, after special exceptions, filed a general denial and plea of not guilty.

After hearing on the merits the trial court overruled appellants' motion for judgment and entered judgment for appellees for the title and possession of the land involved, finding the following facts in such judgment: "that Louis Davis, Sr., died intestate on the 10th day of April 1918, and subsequently thereto his surviving wife, Vici Davis, died intestate; that the defendants

are descendants of the said Louis Davis, Sr., and wife, Vici Davis, and each owns an undivided interest in said lands by inheritance; that plaintiffs claim to deraign title to said land by deed of conveyance from Louis Davis and wife, Vici Davis, dated April 10, 1918, recorded in Vol. 170, p. 139, Deed Records of Kaufman County, Texas; purporting to convey the above described land to John Davis; that said deed was executed on April 10, 1918, by Louis Davis, Sr., and that on said date and at the time said deed was executed the said Louis Davis, Sr., was of unsound mind and was not competent to make a valid deed; that the aforesaid deed from Louis Davis, Sr., and wife, Vici Davis, to John Davis is null and void, and of no force or effect; that the defendants and John Davis and December Davis were tenants in common, each owning an undivided interest in said land, until the death of the said John Davis and December Davis, and that the defendants have been entitled to possession of the land aforesaid since the death of Louis Davis, Sr., and continuously thereafter to the present." The judgment decreed "that plaintiffs take nothing, and that the defendants go hence without day with all costs." From such judgment, after their motion for new trial was overruled, appellants have duly perfected this appeal, here briefing 10 points of error.

■ Appellees have not favored us with a brief. We must therefore accept appellants' brief as reflecting correctly the facts and the record. Rule 419, Texas Rules of Civil Procedure, and cases cited under Note 4 thereof.

Point 1 asserts error in setting aside deed of April 10, 1918, executed by Louis Davis and Vici Davis and in not holding the deed valid as to Vici Davis, and sufficient to pass title to John Davis et ux., which deed was given in order "to adjust and discharge community debts against said property." Appellants in their petition to the trial court pled that Louis Davis and Vici Davis executed a deed to John Davis, their son, April

10, 1918 in consideration of $1 and to take the place of a former deed executed by them about five years before and either lost or destroyed. Appellees, defendants below, pled that when the 1918 deed was executed by Davis and wife that Davis did not at that time have sufficient mental capacity to know the nature of the business he was transacting nor the consequences of his act in executing the deed. After the deed was admitted in evidence appellees' witness Cris Davis, son of Louis Davis and Wife, testified that he witnessed his father's and mother's signatures when they signed the deed; that his father signed by mark, and that at that time his father did not know the nature of his act and died on the same day.

■ Appellants' position is that even if the deed was void and ineffectual as to Louis Davis, it was effectual as to Louis Davis's wife Vici Davis, since it passed title through Vici Davis, and she could pass title to the community property while her husband was of unsound mind.

Under the record we must sustain appellants' position. If Davis had mental capacity to execute the deed and to convey the property, his deed passed title to the grantee. If he did not have mental capacity to execute the deed, then his wife, the property being community property, was authorized to execute the deed in question and pass title under all the circumstances here. In Bennett v. Romos, 151 Tex. 511, 252 S.W.2d 442, 448, our Supreme Court stated: "Assuming, however, that the stipulation establishes incompetency in fact in 1944—eleven years after the original adjudication—this fact does not, as the Court of Civil Appeals seems to have thought, render the 1944 deed void even as to the Nebarez half interest. The title passed to respondents, subject to the right of the incompetent grantor, his heir or personal representative, but not his grantee, to set it aside in a proper proceeding brought for the purpose." Citing Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, error refused; Porter v. Brooks, Tex.

Civ.App., 159 S.W. 192. See also Smith v. Carter, Tex.Civ.App., 45 S.W.2d 398, syl. 2, error dismissed. Point 1 is sustained.

■ Point 1(a) asserts error in rendering judgment for defendants, finding title in them in this trespass to try title suit, where the deed was executed by a person of alleged unsound mind, without first requiring defendants to bring suit for cancellation or rescission of such voidable deed, if any; and that the judgment is void on the face of record which was fundamental error and therefore it was not necessary to set such matter up in the motion for a new trial.

Appellants' unanswered statement, which we accept as correct since appellees filed no reply thereto, is as follows: "Since December Davis died in July 1953, the defendants ousted Anna Wilhite, plaintiff, and her sister and only heir, and took possession of said land and claimed the rents therefrom, thereupon plaintiffs filed suit in trespass to try title for the title and possession of said land and to recover said rents. The defendants answered by general denial, and a plea of not guilty; and in addition, among other things, alleged that deed to John Davis 'is void in that said Louis Davis never signed the deed in question, because he did not at that time have sufficient mental capacity to know the nature of the transaction'; and failed to pray for cancellation or rescission; and that at no time at any place asked for cancellation or rescission of such voidable deed. The plaintiffs replied in a supplemental petition of a plea of not guilty, making the suit in trespass to try title only."

■ Under the record before us we must sustain appellants' contention. It is settled law in Texas that a deed by an insane person is not void, but voidable only. 24 Tex.Jur. 380 (and the 10-Year Supplement) in section 7, Insane and incompetent persons, and cases cited thereunder. In Cook v. Moore, 39 Tex. 255, our Supreme Court laid down the rule that duress and fraud are causes for annulling a deed procured thereby, but only, however, as between the parties and those having notice. See also Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402. Point 1(a) is sustained.

■ Point 2 asserts error in rendering judgment for appellees even if the deed was void, since the recitals in the deed (being admissible to show the former deed was lost) that the consideration was paid by Davis et ux., and such recitals, taken with the release of the notes recited in the deed as the consideration for the deed, together with other circumstances present at the time, show superior title in John and December Davis.

The 17.3 acres of land here involved was the same land described in the November 1, 1910 deed from Jesse Hunter to Louis Davis in which four $125 notes, due one, two, and three years thereafter, payable to J. E. McMorris who furnished the consideration for the land. Appellants alleged that about April 10, 1913 Louis Davis et ux. conveyed the same land to their son, John Davis, and there was an affidavit made to the effect that such deed was lost. Appellants introduced in evidence a later deed dated April 10, 1918 by Davis and wife to their son, reciting $1.00 and the further consideration that about five years before, the first deed was lost, and that in the former deed the son did not assume the payment of the four vendor's lien notes which were a lien on the property involved. The 1918 deed was the one found void by the trial court. Appellants introduced a release of the four $125 notes recited as a part of the consideration in the November 1, 1910 deed. This release was not attacked or disputed by appellees before the attack in this present suit, some thirty-six years thereafter. The record, however, shows appellees used, worked, and cultivated the land (leased it out in 1938) and called it their own, which was also a circumstance to show the existence of the deed in question. The record also shows the inventory in John Davis's estate filed in 1930 which lists the land here involved as the community estate of Davis and his wife December;

that his wife thereafter rented to various and sundry people from the time John Davis died until she died in 1953. Such evidence was admissible and the recitals in the deed were entitled to such weight as the trial court gave them as to John and December Davis's title; and that Anna Wilhite, the only surviving heir of her sister December Davis, deceased, is the owner of the land, and to show that it is more reasonable to presume that the deed was executed than that it was not executed. 14 Tex.Jur. 787, sec. 32; old Vol. 41 Tex.Jur. 503, sec. 37; new Vol. 41–A Tex.Jur., 689, sec. 153; 2 Tex.Jur. 22, sec. 9. Point 2 is sustained.

■ Point 3 asserts error in rendering judgment for appellees over the objection that they failed to do equity and tender into court the $500 plus interest received by them as the purchase price of the land, and in failing to hold that appellees were estopped to set aside the deed after receiving the purchase price and by asserting invalidity of the deed in derogation of the former grant in the lost deed.

The four notes were paid and released, and no tender of the consideration received for the release of the notes was made by appellees. By acceptance of the benefits appellees are estopped to question the existence, validity and effect of the deed in question. Lodwick Lumber Co. v. Taylor, Tex.Civ.App., 99 S.W. 192; Barnard v. Blum, 69 Tex. 608, 7 S.W. 98; 21 C.J. 1210, sec. 212; 31 C.J.S., Estoppel, § 110 (b); 21 C.J. 1067, sec. 26; 31 C.J.S., Estoppel, § 13; Richardson v. Pavell, 83 Tex. 588, 19 S.W. 262. Point 3 is sustained.

■ Point 4 asserts error in rendering judgment for appellees over the objection of appellants solely on evidence in violation of the Dead Man's Statute, Art. 3716, R.C.S., and on inadmissible parol testimony varying the terms of the deed and varying the terms of the inventory and appraisement in the estate of John Davis, deceased. The judgment of the trial court had the effect of making Cris Davis one of the heirs

to the property here involved. Cris Davis was permitted to testify to matter material to the validity of the deed over the objection that he was an interested party under Art. 3716, supra. This was error. In Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 299, the court stated: "The question is thus narrowed to the single proposition: Is the opinion, as to the sanity of testatrix, based, not upon any conversation had with her or statement by her, but solely upon observations of her acts and conduct, and physical and mental condition, a transaction with decedent within the meaning of the statute? We think that it is." Citing Parks v. Caudle, 58 Tex. 216. See also Dominguez v. Garcia, Tex.Civ.App., 36 S.W.2d 299; Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264. Point 4 is sustained.

Point 5 asserts error in permitting Cris Davis, an interested witness, to testify over proper objection that he witnessed his father's signature since by such act he vouched for the validity of the signature. In our opinion this was a transaction within Art. 3716, supra. Point 5 is sustained.

Points 6 to 10 inclusive assert error in failing to render judgment for plaintiffs, appellants here, based on the 5, 10 and 25-year statutes of limitation and in failing to sustain appellants' motion for judgment, and in sustaining appellees' motion since the deed executed by Louis Davis, deceased, was regular on its face and valid. Appellants alleged in their trial petition that in addition to holding the land involved under the lost deed executed about April 1913 and the deed of April 10, 1918, they held the same under the 10 and 25-year statutes of limitation. Witness Roy Davis testified that he knew John Davis claimed and worked the 17.3-acre tract during his lifetime and until his wife December Davis died, it was called the John Davis land all that time; that after John Davis died December Davis rented it out to other persons he named and she received the rents therefrom; also testified he worked the land himself for several years and paid rent to December Davis. Eli Malone, a disinter-

ested witness, testified substantially the same as Roy Davis. Jim Yates, Tax Collector for Kaufman County, testified that in 1911 the 17.3-acre tract was rendered in the name of Louis Davis, and in 1912 in the name of John Davis, and continuously thereafter in the name of John Davis until 1944; and after 1945 until 1955 in the name of December Davis; in 1955 Anna Wilhite rendered it and during all that time only four years, 1923, 1926, 1930 and 1939, were delinquent in payment of taxes.

 Appellants having held under a duly and properly recorded deed in the County Clerk's office in Kaufman County where the land was located, such possession ripened into a limitation title under the 5, 10 and 25-year statutes. Even granting that the deed by Louis and Vici Davis, deceased, was void or was a forgery, it gave the right of appellants to recover under the ten-year statute. The ten-year statute having been pled and the evidence showing appellants' possession and claim of title for more than ten years, ripened into a limitation title. Art. 5510 Vernon's Ann.Civ.St. Too, since the Probate Court of Kaufman County based on the inventory and appraisement in September 1930, found December Davis had possession and owned the 17.3 acres of land as community property, the ten-year statute of limitation began to run from that time.

The record also shows that appellants claimed the land under deed duly recorded in September 1919 conveying the land to their predecessor in title and that they and their predecessor in title have paid the taxes, delinquent only four times as set out above, for more than 40 years under claim of right in good faith, since John Davis and wife having paid the purchase price and assumed the four $125 notes, appellants had a matured 25-year limitation title.

Appellants also contend generally that the failure to render judgment for them was error. Without repeating the several state-ments under other points, we must, under such statements, sustain points 6 to 10.

For the reasons stated the judgment of the trial court is reversed and judgment is here rendered for appellants for the title and possession of the land involved.

Reversed and rendered.

### Supplemental Opinion

 Appellants in their motion for rehearing call our attention to their allegation of, and proof on, the rental value of the land here involved, and correctly state that we should have included in the judgment here rendered the sum of $120, since such amount was without dispute in the evidence.

The record disclosing appellants are correct with reference to the record, our former judgment should be, and is reformed so as to hereafter include a judgment for such rents, with interest, etc.