Varoma PULLIN, Appellant,

v.

Beatrice P. FUNDERBERG et al., Appellees.

No. 13697.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 4, 1961.

Bridges & Oxford, Mission, for appellant.

Kelley, Looney, McLean & Littleton, Edinburg, for appellees.

POPE, Justice.

The trial court sustained a motion for summary judgment to plaintiff's suit for trespass to try title and rendered judgment for defendants. Defendants, Beatrice P. Funderberg and Dan L. Funderberg, urge that the judgment should be affirmed because plaintiff, Varoma Pullin, failed to comply with their demand to file an abstract, failed to make a showing of common source, and failed to raise a fact issue about her superior title. In our opinion plaintiff did not fail in either of the stated matters.

Defendants called on plaintiff to file an abstract. She prepared the abstract and mailed it to defendants' counsel which defendants acknowledge, and it is set forth in defendants' brief in full. This was a substantial compliance with Rule 792, Texas Rules of Civil Procedure. Patterson v. Peel, Tex.Civ.App., 149 S.W.2d 284; Benn v. Security Realty & Development Co., Tex.Civ.App., 54 S.W.2d 146; 41–A Tex.Jur., Trespass to Try Title, § 119.

The abstract was short. It showed common source by reason of a deed from plaintiff to defendant Beatrice P. Funderberg and a deed from her to Dan L. Funderberg. A plaintiff is the common source of title when the defendant deraigns title from plaintiff. Richardson v. Powell, 83 Tex. 588, 19 S.W. 262; Stegall v. Huff, 54 Tex. 193.

The other matter raised by the briefs is that plaintiff failed to raise a fact issue with regard to the title of the property in dispute. Plaintiff's affidavit, submitted at the hearing, showed that she is an elderly lady, that her memory is faulty, that she had once denied that she ever executed the deed to Beatrice P. Funderberg at all, and that she failed to recognize her signature on the deed at the time her deposition was taken, but that later she recalled that her brother held her hand while she signed the deed. The deed from plaintiff to defendant Beatrice P. Funderberg was attached to the deposition, and it shows that defendant gave a vendor's lien note for $200 payable in weekly installments of $5. Plaintiff's deposition showed that defendant had defaulted in those payments after the second week. Default on the part of a purchaser in paying the purchase money secured by a vendor's lien note entitles a vendor to recover the property by action in trespass to try title. A vendee, until he pays all the agreed purchase price, cannot dispute his vendor's title, and when default in such payment occurs, the vendor or his transferee may have his action in trespass to try title. Young v. Fitts, 138 Tex. 136, 157 S.W.2d 873.

The judgment is accordingly reversed and the cause remanded.