**G. H. NAGEL et ux., Appellants,**

**v.**

**John S. TEMPLE, Jr., Appellee.**

**No. 372.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 7, 1970.

Rehearing Denied Oct. 28, 1970.

Eugene N. Catlett, Houston, for appellants.

Jerry C. Adam, Robert J. Adam, Houston, for appellee.

BARRON, Justice.

This action of trespass to try title to 25 acres of land in Harris County, Texas was brought by the appellee, John S. Temple, Jr., against the appellants, G. H. Nagel and Norma Nagel. Appellee's petition contained a formal count in trespass to try title with a special plea under Art. 3726, Vernon's Ann.Tex.Civ.St. that a deed dated September 24, 1955 purportedly executed by M. Huppert to Frank Rusch, was a forged instrument. Appellants answered by general denial and a plea of not guilty. In response to a single special issue the jury found that the signature of M. Huppert in the 1955 deed was a forgery. The trial court entered judgment on the verdict for appellee.

While the parties have attempted to prove an unbroken chain of title from the sovereign to date the evidence clearly shows that M. Huppert is the common source of title. The State of Texas and Harris County prosecuted to judgment a suit against M. Huppert for the collection of state and county taxes and foreclosure of the tax lien on the 25 acres of land in Harris County, Texas. An order of sale was issued in favor of the State of Texas and Harris County. On June 7, 1954, the sheriff conveyed all of M. Huppert's interest in this property to John S. Temple, Jr., the appellee. This sheriff's deed is the source of Temple's claim of ownership. Temple therefore relies on the Huppert chain of title since it was Huppert's interest that was conveyed to Temple by the sheriff's deed.

The appellants claim an interest in the property in question under a redemption statute. Art. 7345b, Sec. 12, V.A.T.S. This statute provides that whenever land is sold under judgment and order of sale in a suit for taxes the owners of the property or anyone having an interest therein, or their heirs, assigns or legal representatives may, within two years from the date of the filing for record of the purchaser's deed, redeem the property from the purchaser on the basis provided. The appellants alleged acquisition of the interest of former owners of said property within the two year period. The appellants made a tender to redeem the property from appellee. Upon appellee's refusal of acceptance of the tender the appellants deposited the payment with the tax collector of Harris County.

It is apparent that the appellants are claiming an interest in the property through the Huppert chain of title. While appellants pursued a claim through one Julius Bey by obtaining certain deeds from some of Bey's alleged heirs, it is clear that appellants are not relying on the alleged Bey title in this case. Bey's alleged title appears nowhere in the instruments offered in evidence. The appellants admitted in the proceedings and testified that they

were relying upon the alleged deed from Huppert as their claim to an interest in the 25 acres. Furthermore, the appellants conceded their claim through Huppert when they tendered the redemption money to Temple, the holder of Huppert's title.

On appeal, the appellants contend that appellee failed to establish title on the basis of the tax foreclosure suit in that there was no proof of the sheriff's power to sell the property. Appellants further contend that there is insufficient evidence to support the jury's finding that the deed from M. Huppert was a forgery.

The following is a summary of the evidence on the forgery question. The appellant Nagel was in the real estate business. Nagel testified that he and Harvey, an attorney, worked together to clear up titles to real estate. Nagel testified that "We buy the heirs out and get title." Harvey told Nagel that the 25 acres in question were sold for taxes. It was agreed that Harvey would acquire the interest of the alleged Bey heirs and Nagel would acquire the interest of Huppert. Harvey later conveyed his "interest" in the property to Norma Nagel by a quit-claim deed.

The Nagels obtained quit-claim deeds dated September 11, 1955, from Victor Froehlich and Herman Froehlich, two of the alleged heirs of Julius Bey. Herman Froehlich and his wife Martha testified that the only deed signed by Froehlich to Nagel was in 1967, not 1955. There is documentary evidence that the notary who signed the Herman Froehlich deed was not in fact a notary in 1955. The deeds from the Froehlichs were not recorded until March 13, 1969. It is apparent that the deeds were back-dated to fall within the redemption period.

Huppert seems to have vanished from the scene many years ago. Appellants, however, introduced into evidence a warranty deed signed by M. Huppert dated September 24, 1955 which purportedly con-veyed the 25 acres to Frank Rusch, Norma Nagel's father. Mrs. Nagel testified that she did not know the amount of money that her father had advanced to buy the property from Huppert, but that was the reason title was taken in her father's name. A deed dated September 26, 1955, only two days later, purportedly conveyed this property to Norma Nagel. Rusch and the attorney who drafted the deed, as well as the attorney who allegedly represented Huppert, are all deceased. The only witness to the execution of the Huppert deed was Frances Ceballos, the Bexar County notary who took the acknowledgment on the Huppert deed. Mrs. Ceballos testified that she had met Huppert only that day, that he was 65 or 70 years old, but she could not describe his physical appearance. She testified that it took her ten to 15 minutes to take this particular acknowledgment and that Huppert's Social Security card was shown to her. Mrs. Ceballos stated that she had never seen Frank Rusch.

Mrs. Nagel stated that the attorney who helped her locate Huppert was dead. Mrs. Nagel was told by some of Huppert's relatives that he had gone back to Germany in the early 1920's. Mrs. Nagel testified that she was given Huppert's address by a relative of Huppert, a Freda Huppert, who is deceased. Mrs. Nagel testified that she received several letters from Huppert, none of which were produced at the trial.

While Mrs. Ceballos, the notary, testified that the M. Huppert who signed the deed was about 65 years of age in 1955, the testimony of Benjamin Froehlich, now 66, the only person who saw the M. Huppert who purchased the property in question in 1913, was that M. Huppert was over 60 years old at that time in 1913.

P. Harvey, Nagel's occasional business partner, testified that Nagel had been involved in other cases where forged affidavits were filed. Harvey further testified without objection that Nagel altered a par-

**500**

ty's name in a deed which was the subject of another lawsuit. A Mrs. Gernsbacher testified that she overheard Nagel say that the deed was not forged, but that it could have been signed by the wrong man.

■ The fact that the Nagels obtained a deed from Froehlich in 1967 indicates that they were unsure of the Huppert deed and were still trying to get some type of title to the involved 25 acres. In light of all the circumstances, including the evasive and conflicting testimony of Mr. and Mrs. Nagel, we cannot say that there was insufficient evidence to support the jury's finding that the Huppert deed was forged.

■ The appellants contend that appellee failed to establish title through the tax foreclosure suit because appellant introduced only the sheriff's deed and not the order of sale and judgment in the foreclosure suit. These omitted documents are normally requisite proof of the owner's title. Mills v. Pitts, 48 S.W.2d 941 (Tex. Sup.). The order of sale, judgment for taxes, and the sheriff's return are not necessary in the instant case, however, because appellants specifically admitted in their pleadings that appellee took title by the tax sale. The appellants further acknowledged this fact when they tendered the redemption money to appellee as holder of the title, subject to redemption. Moreover, this question was raised for the first time by point of error in appellants' brief on this appeal. Appellants' point of error concerning appellee's proof of title is therefore overruled.

The alleged deed from M. Huppert to Frank Rusch having been found to be a nullity, appellants were not entitled to redeem the 25 acres conveyed by the sheriff of Harris County to appellee, John S. Temple, Jr.

The judgment of the trial court is affirmed.