Eduardo **LERMA**, Appellant,

v.

Stewart **FORBES**, Appellee.

No. 08–03–00310–CV.

Court of Appeals of Texas,
El Paso.

May 13, 2004.

Eduardo N. Lerma, El Paso, pro se.

Stewart W. Forbes, El Paso, pro se.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ANDELL, JJ.

*OPINION ON MOTION*

RICHARD BARAJAS, Chief Justice.

Eduardo Lerma, *pro se*, appeals from a summary judgment granted in favor of Stewart Forbes. Pending before the Court is a motion to dismiss for want of jurisdiction. The motion is denied.

## FACTUAL SUMMARY

A portion of the record in the underlying case has been permanently sealed pursuant to Tex.R. Civ. P. 76a. It is necessary to briefly state the procedural context of the motion, but our recitation of the facts will therefore be kept to a minimum. Landmark Organization, L.P. sued Appellant's brother, Roberto Lerma.[1] Appellant, along with other attorneys, represented Roberto in the suit. After the case concluded, Appellant filed a petition in intervention because Roberto refused to pay the attorney's fees he owed him. Appellant hired Stewart Forbes to represent him in the arbitration of the dispute. The visiting judge assigned to hear the attorney's fee dispute severed Appellant's petition in intervention from cause number 2000–2579 and re-numbered the suit as cause number 2000–2579AF.

Arbitration took place in February 2002 and on March 12, 2002, the arbitrator granted Forbes' motion to withdraw. The arbitrator then entered a written arbitration award on March 29, 2002, and awarded Appellant $60,000 plus attorney's fees and expenses in the amount of $47,795.65. On June 13, 2002, the visiting judge entered judgment in accordance with the arbitration award. With the aid of a writ of garnishment, Appellant collected $55,000 on the judgment, but ironically, he refused to pay Forbes his attorney's fees. Consequently, Forbes filed a petition in intervention on January 31, 2003. Stating a suit on sworn account, breach of contract, equitable assignment, and constructive trust claims, Forbes alleged that his attorney's fees and expenses incurred in connection with the arbitration were $47,795.65 and that the arbitrator had awarded this sum

to Appellant for Forbes' attorney's fees and expenses. Appellant had paid Forbes $21,000 but refused to pay the balance owed.

Forbes filed a motion for summary judgment on February 26, 2003. The Honorable Linda Chew, Judge of the 327th District Court, entered an order generally granting summary judgment on June 9, 2003, but she did not rule on several pending motions, including Appellant's motion to strike the petition in intervention and Forbes' objections to Appellant's late-filed pleadings and summary judgment response. The June 6 order did contain a Mother Hubbard clause. Relator filed a premature notice of appeal which this Court docketed as cause number 08–03–00310–CV. Forbes filed a motion to sever his claim against Appellant from the main case and enter judgment. Additionally, he requested that the trial court specifically rule on his objections to the late-filed pleadings and summary judgment responses as well as the other pending motions. Appellant also filed a motion asking the trial court to rule on his motion to strike the petition in intervention. On August 13, 2003, the trial court signed orders sustaining Forbes' objections to Appellant's summary judgment responses, severing Forbes' cause of action from cause numbers 2000–2579 and 2000–2579AF, striking Appellant's late-filed pleadings and denying the motion to strike the plea in intervention.[2] On this same date, the trial court entered a final judgment awarding Forbes $26,796.65 as the final amount due plus pre-judgment and post-judgment interest. Appellant timely filed a motion for new trial and later filed notice of appeal on November 24, 2003. We initially filed the

---

1. The suit, styled *Landmark Organization, L.P. v. Roberto Lerma,* cause number 2000–2579, was filed in the 327th District Court of El Paso County.

2. Forbes' cause of action was severed into cause number 2003–3431.

second notice of appeal in cause number 08–03–00310–CV as an amended notice of appeal but Appellant complained, insisting that it should be docketed as a separate appeal because it involved a second judgment in the same cause number. Accordingly, we filed it in a separate appeal and assigned it cause number 08–03–00510–CV.

### INTERLOCUTORY ORDER

Forbes alleges in his motion to dismiss that the appeal should be dismissed because it is taken from an interlocutory order granting summary judgment. We agree with Forbes that the June 6, 2003 order granting summary was not a final judgment because it did not dispose of all the pending motions and issues. However, Appellant's notice of appeal filed on July 3, 2003 constitutes a premature notice of appeal which may be given effect under Rule of Appellate Procedure 27.1(a). Tex. R.App. P. 27.1(a).

Rule 27.1(a) of the Texas Rules of Appellate Procedure provides:

(a) *Civil Cases.* In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.

Applying this rule to the facts of this case, we will treat Appellant's notice of appeal as having been filed on August 13, 2003, the date the judgment became final for purposes of appeal. Accordingly, Appellant properly invoked our jurisdiction to hear the appeal. Forbes' motion to dismiss is denied.

ANDELL, J., sitting by assignment.

Larsen, J., not participating.

CHEW, J., not participating.