# NO. 12-19-00348-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONNIE RAE THOMPSON, SR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *DISTRICT COURT* |
| *SHAWN DAVIS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Donnie Rae Thompson, Sr. appeals from an adverse judgment rendered in Shawn Davis's suit for declaratory judgment. In two issues, Thompson asserts that the trial court lacked jurisdiction at the time it rendered judgment in favor of Davis on his forgery claim, and improperly found for Davis, and Intervenors, Stacie Etheridge and Tammy Harger, on their forgery claim. We affirm.

## BACKGROUND

Shortly before his death in 2008, Danny D. Davis, Shawn Davis's father, purportedly conveyed a three-acre tract of land to Thompson. Shawn Davis sued Thompson pursuant to the Declaratory Judgments Act, alleging that Thompson or another person forged his father's signature on the deed, and requesting the court declare that the general warranty deed is void *ab initio*. Alternatively, Davis alleged failure of consideration and that the deed was procured by fraud, undue influence, and duress, and at the time the deed was signed, his father lacked mental capacity, making the deed voidable. Stacie Etheridge and Tammy Harger, Shawn Davis's siblings, intervened, asserting the same causes of action.

Thompson filed a motion for traditional summary judgment asserting entitlement to judgment because limitations have run on Davis's causes of action for fraud, undue influence, and duress. The trial court ruled on the motion as follows:

> **IT IS THEREFORE ORDERED** that <u>Defendant's Traditional Motion for Summary Judgment</u> is **GRANTED** in part and with respect to the claims of procurement by fraud, undue influence, duress, insufficient mental capacity, and lack of consideration. The <u>Defendant's Traditional Motion for Summary Judgment</u> is **DENIED** in part and with respect to the claim of forgery.

The order on the motion for summary judgment was signed October 24, 2019. On October 25, a trial before the court was held on the forgery claim. Neither Thompson nor his attorney appeared at the trial. Davis, Harger, and Etheridge appeared and presented evidence on the forgery claim. After the hearing, the trial court rendered judgment setting aside the 2008 deed as void *ab initio*, and decreeing that Danny Davis died intestate owning the three acres, and Davis, Harger, and Etheridge, as his heirs, each own an undivided one-third interest. Referencing the order on Thompson's motion for summary judgment, the court's order states that it finally disposes of all parties and all claims.

## JURISDICTION

In his first issue, Thompson contends the trial court lost jurisdiction when, on October 24, 2019, Thompson filed a notice of appeal from the summary judgment order signed that same day. Therefore, the argument continues, the trial court did not have jurisdiction when it held the merits hearing on October 25 and later rendered a judgment.

A notice of appeal invokes the jurisdiction of the appellate court. *See* TEX. R. APP. P. 25.1(b); ***Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.***, 540 S.W.3d 577, 581 (Tex. 2018) (per curiam). The filing of a notice of appeal does not divest the trial court of its plenary power, so the trial court has the power to perform certain acts. *See* TEX. R. CIV. P. 306a, 308; ***Esty v. Beal Bank S.S.B.***, 298 S.W.3d 280, 294 (Tex. App.—Dallas 2009, no pet.). However, upon perfection of the appeal, the trial court loses jurisdiction of the case, pending the appeal, in respect to all matters that interfere with the appellate functions. *See* ***Panhandle Const. Co. v. Lindsey***, 72 S.W.2d 1068, 1072 (Tex. 1934). The trial court may not

then take any action in the cause with respect to the subject matter of the appeal. *See Bichsel v. Heard*, 328 S.W.2d 462, 466 (Tex. Civ. App.—San Antonio 1959, no writ).

However, a summary judgment which does not dispose of all parties and issues is not final, but rather is interlocutory. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199-200 (Tex. 2001). In the absence of a special statute or judicially created exception, interlocutory orders are not appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2020); Tex. R. Civ. P. 168; *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019).

The October 24 order granting in part and denying in part Thompson's motion for summary judgment did not dispose of Davis's forgery claim and, therefore, was not a final judgment or appealable. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam). Accordingly, the trial court retained jurisdiction and had jurisdiction at the time of the October 25 hearing and when the October 28 final judgment was signed. This conclusion is supported by the scheme for perfecting appeals set out in the Texas Rules of Appellate Procedure.

With certain exceptions, a notice of appeal must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1. Thus, a notice of appeal is premature if it is filed before the judgment is signed. *In re Norris*, 371 S.W.3d 546, 552 (Tex. App.—Austin 2012, orig. proceeding). If a notice of appeal is filed for a nonappealable judgment, the notice of appeal will be deemed premature and then deemed timely filed if the record demonstrates that the judgment has become final. *See* Tex. R. App. P. 27.1(a). Further, if a trial court modifies an order or judgment after it has been appealed, our rules direct the appellate court to "treat the appeal as from the subsequent order or judgment." *Id*. 27.3. Compliance with this requirement would be impossible if the trial court lost jurisdiction after the notice of appeal was filed.

The October 24, 2019 notice of appeal prematurely invoked the jurisdiction of this court, but it did not divest the trial court of jurisdiction. The trial court had jurisdiction when it signed the second judgment disposing of the remaining claim. At that time, the October 24 partial summary judgment merged into the second judgment, making it a final judgment. *See Newco Drilling Co. v. Weyand*, 960 S.W.2d 654, 656 (Tex. 1998) (per curiam). The premature notice of appeal then became effective to appeal the entire cause. Tex. R. App. P. 27.1(a); *Lerma v.*

*Forbes*, 144 S.W.3d 16, 18 (Tex. App.—El Paso 2004, no pet.). We overrule Thompson's first issue.

## FORGERY

In his second issue, Thompson asserts "the trial court erred when proceeding on the bench trial merits hearing on October 25, 2019, when it had lost jurisdiction." As explained above, Thompson's motion for summary judgment did not address Davis's forgery allegation, and the trial court had jurisdiction to hear the remaining claim in the suit.

Additionally, Thompson appears to complain that Davis's petition did not adequately provide notice of his forgery claim. Davis's live pleading alleged that Thompson or another person signed Danny D. Davis's name to the deed, thereby committing forgery. Additionally, Davis stated in the pleading that the deed was void *ab initio* because the signature on the deed is not the signature of Danny D. Davis, the deed does not transfer title, and the property passes to Danny D. Davis's heirs. Therefore, Thompson had notice of the forgery claim. Thompson did not file special exceptions complaining of any defects in the pleadings or otherwise raise this complaint in the trial court, and it is therefore waived. *See* TEX. R. CIV. P. 90; *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 345-46 (Tex. 2011).

Thompson also argues that forgery is a criminal act, not a civil cause of action. He explains that, for this reason, he and counsel intentionally did not appear "to participate in a 'null and void' merits hearing . . .." Davis's petition alleged that the deed to Thompson is void *ab initio* because his father's signature was forged, the deed did not transfer title, and the land passed to Danny D. Davis's heirs. A forged deed is void *ab initio* and passes no title. *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.). Forgery is a sound allegation by which to attack the validity of a deed in a civil action.[1] *See Bellaire Kirkpatrick Joint Venture v. Loots*, 826 S.W.2d 205, 209-10 (Tex. App.—Fort Worth 1992, writ

---

[1] We note that forgery of deeds is commonly asserted in trespass to try title causes of action rather than declaratory judgment actions. Although Davis couched his petition in terms of a declaratory judgment suit, in asking that the deed be declared void *ab initio*, he is asking to adjudicate rival claims of title to the land. The trial court ordered that Davis, Harger, and Etheridge each own an undivided one-third interest in the property at issue. Therefore, this is a trespass to try title cause of action. *See* TEX. PROP. CODE ANN. § 22.001(a) (West 2014); *Vernon v. Perrien*, 390 S.W.3d 47, 54-55 (Tex. App.—El Paso 2012, pet. denied). The Declaratory Judgments Act provides a procedural method for determining the validity of deeds, but it cannot be used to adjudicate title. *See Jordan v. Bustamante*, 158 S.W.3d 29, 34-35 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). However, Thompson neither objected to the petition in the trial court nor attempted to raise a complaint on appeal that the petition was defective.

denied); **Nagel v. Temple**, 459 S.W.2d 497, 500 (Tex. Civ. App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

Finally, to the extent Thompson is contending the forgery claim is part of the fraud claim that was barred by a four-year limitations period and disposed of by summary judgment, we disagree. Either the ten-year or twenty-five-year limitations period applies to recover real property under a forged deed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.026, 16.028 (West 2002); **Wilhite v. Davis**, 298 S.W.2d 928, 934 Dallas 1957, no writ) (applying ten-year statute of limitations in trespass to try title suit involving a forged deed). We overrule Thompson's second issue.

## DISPOSITION

Because Thompson raises no valid complaints, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 14, 2020**

**NO. 12-19-00348-CV**

**DONNIE RAE THOMPSON, SR.,**
Appellant
V.
**SHAWN DAVIS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 13-00076)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **DONNIE RAE THOMPSON, SR.**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*