COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| FUSION INDUSTRIES, LLC, | § | No. 08-20-00105-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| EDGARDO MADRID & ASSOCIATES, LLC, | § | of Reeves County, Texas |
| | § | (TC# 19-10-23239-CVR) |
| Appellee. | § | |
| | § | |

**O P I N I O N**

This appeal and another appeal captioned *MOR KM Holdings, LLC v. Edgardo Madrid & Associates, LLC*, No. 08-20-00190-CV, arose out of a single case filed in the 143rd District Court of Reeves County. Both appeals come to this Court as restricted appeals challenging default judgments taken against two different defendants. The parties have filed several motions before this Court, which as we explain below, have become interrelated with the MOR KM appeal, and a motion filed in that appeal. Consequently, we will address the disposition of these motions together in this opinion and through a separate order in Cause Number 08-20-00190-CV.

# I. BACKGROUND

## A. Two Notices of Appeal from Reeves County Lawsuit

Appellee Edgardo Madrid & Associates, L.L.C. (Madrid) filed suit against Fusion Industries, L.L.C. (Fusion) and another party, MOR KM Holdings, L.L.C. (MOR KM), in the 143rd District Court of Reeves County in trial court cause number 19-10-23239-CVR (the Reeves County lawsuit). In short, Madrid alleged that it entered into a written contract with MOR KM to provide labor, materials, and equipment necessary to construct a well and water plant at a 20-acre site owned by MOR KM known as the Lakeview Suites near Orla, Texas. Madrid began performing on the contract and received a payment from MOR KM before MOR KM transferred ownership of the property to Fusion. Madrid contended that the defendants owe $1,135,240.31 for labor performed under the contract. Madrid sought damages and foreclosure of a mechanic's lien against the property.

On December 9, 2019, Madrid filed a motion for default judgment against defendant Fusion. On February 7, 2020, the trial court granted Madrid's motion for default judgment against defendant Fusion and issued a judgment (the Fusion default judgment) which stated, in relevant part:[1]

> 8. Plaintiff is entitled to a default judgment on its claims against Defendant.
>
> IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED:
>
> 1. That judgment by default be entered in favor of Plaintiff against Defendant;
>
> 2. That Defendant take nothing against Plaintiff for any and all claims which could have been asserted in this lawsuit;
>
> 3-10. [That Plaintiff recover from Defendant a sum of $1,135,240.31, pre-judgment interest at the rate of 18% per annum, $6,334.70 in attorney's fees,

---

[1] The judge appears to have signed the proposed default judgment Madrid submitted with his motion for default judgment verbatim.

post-judgment interest, appellate penalties, and foreclosure of the lien against the Property.]

. . .

11. This judgment, having disposed of all parties and all claims, is final and appealable.

On April 28, 2020, Fusion filed a notice of restricted appeal from this default judgment. That appeal was docketed before this Court as Cause No. 08-20-00105-CV, styled *Fusion Industries, L.L.C., Appellant v. Edgardo Madrid & Associates, L.L.C., Appellee* (the Fusion Appeal).

On July 15, 2020, Madrid filed a motion for default judgment against MOR KM. The trial court granted the motion for default judgment on July 24, 2020 (the MOR KM default judgment). The MOR KM default judgment also stated that "[t]his judgment, having disposed of all parties and all claims, is final and appealable."[2] On September 29, 2020, MOR KM filed a notice of restricted appeal challenging the July 24, 2020, default judgment. That appeal was docketed before this Court as Cause No. 08-20-00190-CV, styled *MOR KM Holdings, L.L.C., Appellant v. Edgardo Madrid & Associates, L.L.C.* (the MOR KM Appeal).[3]

---

[2] As with the Fusion default judgment, the MOR KM trial judge appears to have signed the proposed default judgment Madrid submitted with his motion for default judgment verbatim.

[3] The Texas Rules of Appellate Procedure require the Clerk of the Court to give all notices of appeal filed in the "same case" the same docket number. *See* TEX.R.APP.P. 12.1(c). When multiple notices of appeal arising out of a single trial court cause number are filed relating to specific trial court orders or judgments (such as when parties are seeking to challenge interlocutory orders, or in family law or probate cases where there may be multiple non-terminating "final judgments" within a given trial court cause number), the policy of this Court has been to (1) treat notices of appeal relating to the same order or judgment being appealed as being part of the "same case" for purposes of Rule 12.1(c), and (2) treat notices of appeal relating to separate orders and judgments as being separate cases for purposes of appeal.

Where it is later determined that it would be administratively convenient for the Court to try appeals from separately docketed orders together, the Court will grant a motion to consolidate the case files and proceed under one appellate case number. *See*, *e.g.*, *Grossman v. City of El Paso*, No. 08-19-00277-CV, No. 2019 WL 6336405, at *1 Tex.App.-El Paso Nov. 27, 2019, op. on order).

Although the Fusion Appeal and the MOR KM Appeal arise out of the same Reeves County lawsuit, the Clerk of the Court docketed the appeals under separate appellate court cause numbers here because each party challenged the

**A. Motions Pending**

*1. The Fusion appeal*

**a. The Rule 42.1(a)(2) joint motion to render judgment in accordance with a settlement**

On September 3, 2020, Appellant Fusion Industries, L.L.C. and Appellee Edgardo Madrid & Associates, L.L.C., filed a joint motion to dispose of this appeal per TEX.R.APP.P. 42.1(a)(2) because the parties had settled. Specifically, the motion asked this Court to vacate the trial court's February 7, 2020, judgment without regard to the merits and remand the case back to the trial court for subsequent entry of judgment dismissing Fusion with prejudice based on the motion of Madrid made in accordance with the parties' agreement.

**b. MOR KM's motion to intervene and request for judgment**

Before the Court could act on the joint motion to render judgment in accordance with the settlement agreement of Appellant Fusion and Appellee Madrid, MOR KM filed a motion to intervene and for modification of proposed remand judgment. We construe MOR KM's motion as asking this Court to do six things:

- Interpret a purported "Mother Hubbard clause" in the Fusion default judgment at issue in the Fusion Appeal to ascertain the scope of the judgment with respect to parties and claims in the Reeves County lawsuit;

- Determine that the Mother Hubbard Clause resulted in the rendition--intentional or not--of a final judgment that bound not only Fusion but MOR KM as well as of February 7, 2020;

- Allow MOR KM to intervene in the Fusion Appeal;

- Determine that because the trial court already rendered a final judgment disposing of all parties and claims in the Fusion default judgment, the subsequent default judgment the trial court rendered against MOR KM on July 24, 2020, that is being attacked in the MOR KM Appeal was void because it was rendered outside the trial court's plenary period;

---

respective default judgment rendered against it and the parties filed their notices of restricted appeal several months apart.

4

- Insert language into the appellate judgment disposing of the Fusion Appeal that would state that the MOR KM default judgment rendered on July 24, 2020, was void; and

- Render a judgment in the Fusion Appeal declaring that the Fusion Default Judgment is dispositive and preclusive of all claims by Madrid against MOR KM, and that Madrid take nothing of and from MOR KM.[4]

In response to this motion, Appellant Fusion took no position on the merits of the dispute as between Madrid and MOR KM, as Fusion regarded its portion of the dispute with Madrid as having been concluded by the settlement. However, Fusion opposed MOR KM's issues being addressed as part of the Fusion Appeal, noting that MOR KM had already filed a notice of appeal and this Court had already docketed the MOR KM Appeal under a separate cause number. Fusion requested that this Court render judgment effectuating the settlement agreement as between Fusion and Madrid in the cause number for the Fusion Appeal, and handle MOR KM's arguments in the separate cause numbered MOR KM Appeal.

Appellee Madrid opposed MOR KM's motion to intervene, arguing that a grant could "blow-up a settlement that the parties to the instant appeal spent much time negotiating." Like Appellant Fusion, Appellee Madrid also asked this Court to address MOR KM's arguments in the MOR KM Appeal and to simply render judgment in the Fusion Appeal to dispose of this controversy as between Fusion and Madrid.

2. *The MOR KM appeal*

**a. MOR KM's motion regarding appellate jurisdiction**

On September 25, 2020, in its own appeal, MOR KM filed a "motion regarding appellate jurisdiction." In that motion, MOR KM contended that the Fusion Appeal was improvidently taken in violation of the one judgment rule--in other words, that the Fusion default judgment did

---

[4] In a supplement to its motion to intervene filed on October 7, 2020, MOR KM argues that it did not need to file the MOR KM Appeal at all because the Fusion default judgment was not only final but also provided Madrid with no relief as against MOR KM.

*not* dispose of all parties and claims and was thus impermissibly interlocutory. As such, the Court should dismiss the Fusion Appeal for want of jurisdiction and remand the MOR KM Appeal to the trial court for further proceedings. In the alternative, as it argued in the motion to intervene, the trial court granted a final judgment disposing of all parties and claims when it rendered the Fusion default judgment, and the MOR KM default judgment should be vacated as void because it was rendered beyond the trial court's plenary jurisdiction.

Madrid filed a response addressing whether this Court had jurisdiction over the MOR KM default judgment at issue in the MOR KM appeal.

## II. DISCUSSION

### A. Appellate Jurisdiction over the Fusion Appeal

Before anything else, we must first address jurisdiction, since if the Court lacks appellate jurisdiction over the Fusion appeal, we cannot render a judgment effectuating the settlement between Fusion and Madrid and we would have no choice but to dismiss the Fusion Appeal.

While MOR KM ultimately seeks a declaration from this Court that the Fusion default judgment was a final judgment that bound not just Fusion but MOR KM as well, MOR KM has also raised the possibility that the Fusion default judgment may have been an interlocutory judgment rather than a final judgment. MOR KM asks us, if we intend to grant a judgment effectuating a settlement between Fusion and Madrid, to definitively interpret whether the scope of the Fusion default judgment includes MOR KM so we may ascertain our own appellate jurisdiction in the Fusion Appeal. We need not do so.

The question of whether the Fusion default judgment was an interlocutory order or a final judgment at the time of rendition has no practical bearing on the appellate jurisdiction analysis at this stage of litigation. Either way, this Court has jurisdiction over the Fusion Appeal. If the

6

Fusion default judgment *did* dispose of all parties and claims as MOR KM claims, then the analysis is simple: the Fusion default judgment is a final judgment over which we could exercise appellate jurisdiction, and there would be no basis to dismiss the Fusion Appeal. *See Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (judgment that actually disposes of all parties and claims then before the trial court is a final judgment for appellate purposes regardless of the language used in the judgment).

If the Fusion default judgment was in fact interlocutory because it did *not* dispose of all parties and claims at the time of rendition, then Fusion's notice of appeal was filed prematurely because there was no final judgment at bar and no apparent statutory basis for interlocutory review. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005); *Castano v. Foremost County Mut. Ins. Co.*, 31 S.W.3d 387 (Tex.App.--San Antonio 2000, no pet.) (default judgment against one defendant is not subject to appeal until trial court either renders a final judgment in the case or signs an order of severance making the interlocutory judgment final).

When faced with a prematurely-filed notice of appeal in a civil case, this Court is not required to docket and hold an appeal open indefinitely as "an appellate place holder until there is a final appealable judgment." *Ganesan v. Reeves*, 236 S.W.3d 816 (Tex.App.--Waco 2007, pet. denied). That said, in lieu of dismissal, we may treat a case that is appealed before the judgment is final as a prematurely filed appeal and permit the defect to be cured. *See Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex.App.--Houston [1st Dist.] 1999, op. on order) *citing* TEX.R.APP.P. 27.2. And where the trial court renders a final judgment before this Court can dismiss a prematurely filed notice of appeal, the jurisdictional defect is cured. We then have appellate jurisdiction and the notice of appeal is treated as having been filed on the day of the trial court's final judgment. *See Lerma v. Forbes*, 144 S.W.3d 16, 18 (Tex.App.--El Paso 2004, no pet.).

7

Here, even if the Fusion default judgment was interlocutory, no party moved to dismiss the Fusion appeal or raised any argument on whether the notice of appeal was premature or otherwise jurisdictionally defective in this Court until months after the trial court had already rendered a judgment disposing of the only remaining party in the Reeves County lawsuit, making the second default judgment a final judgment for purposes of appeal. To the extent Fusion's notice of appeal was premature, the later rendition of a final judgment in the trial court cured any defect. *See id*. Thus, under either theory, this Court has jurisdiction over the Fusion appeal.

**B. Joint Rule 42.1 Motion to Render Judgment in Accordance with a Settlement**

Having determined we have jurisdiction over the Fusion Appeal, we next address the Rule 42.1 motion from Fusion and Madrid--the actual parties to the Fusion Appeal--asking this Court to render a judgment effectuating a settlement, as well as MOR KM's motion to intervene and to have certain language included in the Fusion Appeal judgment effectuating Fusion and Madrid's settlement.

Rule 42.1 deals with voluntary dismissal and settlement in civil cases. In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, this Court may (A) render judgment effectuating the parties' agreement; (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement. *See* TEX.R.APP.P. 42.1(a)(2). A severable portion of the proceeding may be disposed of in this manner if it will not prejudice the remaining parties. TEX.R.APP.P. 42.1(c).

The question here is whether we may set aside the trial court's judgment without regard to the merits and remand to the trial court for rendition of a new judgment without prejudicing MOR

8

KM's potential rights under the Fusion default judgment (the existence or non-existence of which bear on MOR KM's potential relief from the MOR KM default judgment in the MOR KM Appeal).

We believe we can set aside the default judgment in a way that allows Fusion and Madrid to finalize their settlement agreement without prejudicing MOR KM's potential rights so that these two appeals do not need to be held in limbo. Although vacating the Fusion default judgment completely would potentially destroy the rights of any other parties who may be bound by the Fusion default judgment, an appellate judgment that simply reverses the judgment as to specific parties would allow for the preservation of any potential extant rights held by other parties while still allowing Fusion and Madrid to come out from under the cloud of a judgment and settle their dispute. This course of action would allow us to dispose of the Fusion Appeal in its entirety but still preserve the default judgment as to any remaining parties, assuming for argument's sake that MOR KM is correct.

As for the MOR KM Appeal, appellant MOR KM has questioned our jurisdiction over the appeal based on the interaction and effect of the two default judgments issued by the trial court. In determining whether a particular trial court order is a final judgment, "[i]f the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). We believe that abating the MOR KM Appeal to allow the Court to clarify the scope of the Fusion default judgment and whether it was intended to reach MOR KM as well will materially aid this Court in the resolution of MOR KM's jurisdictional motion in the MOR KM Appeal. *See also Bella Palma, LLC v. Young*, 601 S.W.3d 799 (Tex. 2020) (describing how intermediate appellate court took similar action to ascertain the trial court's intent).

Therefore, to balance the rights of the parties, to expedite action, and for administrative expediency, we issue the following orders.

**IN CAUSE NO. 08-20-00105-CV** *(Fusion Industries, L.L.C. v. Edgardo Madrid & Associates, L.L.C.):*

- We DENY MOR KM's motion to intervene in the Fusion Appeal or include clarifying statements in our final judgment in the Fusion Appeal.

- We GRANT Madrid and Fusion's joint request to render judgment on the settlement agreement.

- Per Rule 42.1, we render an appellate judgment in the Fusion Appeal reading as follows: The February 7, 2020, default judgment is REVERSED ONLY AS BETWEEN MADRID AND FUSION, and we REMAND to the trial court with instructions to enter a judgment in accordance with the agreement of the parties.

- All other pending motions, if any, are DENIED AS MOOT.

**IN CAUSE NO. 08-20-00190-CV** *(MOR KM Holdings, L.L.C. v. Edgardo Madrid & Associates, L.L.C.)*:

- In order to ascertain our jurisdiction over this appeal, the Court hereby ABATES this appeal allowed by *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) in order to clarify the intent of the trial court's order.

- The trial court is ORDERED to, within 30 days of the date of this order, inform this Court by written explanation about whether it intended for the February 7, 2020 judgment to dispose of all claims against as to both Fusion Industries, L.L.C., and MOR KM Holdings, L.L.C., or only to Fusion Industries, L.L.C.

- All other pending motions, if any, are denied as moot.

JEFF ALLEY, Justice

April 30, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

10